UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL LYNN WATERS, | ) | 1:08-cv-00737-OWW-GSA-PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DENY MOTION FOR |
| vs. | ) | PRELIMINARY INJUNCTIVE RELIEF |
| | ) | |
| LT. A. DIAZ, et al., | ) | |
| | ) | OBJECTIONS, IF ANY, DUE IN THIRTY |
| | ) | DAYS |
| Defendants. | ) | |
| | ) | |

Michael Lynn Waters ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On May 27, 2008, plaintiff filed the complaint commencing this action. Plaintiff is presently incarcerated at Corcoran State Prison ("CSP") in Corcoran, California. In the complaint, plaintiff has requested immediate preliminary injunctive relief, including orders for defendants to "leave [him] alone," release his property, and transfer him from CSP to a "very safe" facility.

**I.     PRELIMINARY INJUNCTION**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination

1

of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

In a separate order, the court dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted under section 1983 and ordered plaintiff to file an amended complaint within thirty days. At this juncture, the court does not yet have before it an actual case or controversy. Further, assuming that plaintiff files an amended complaint that states cognizable claims for relief under section 1983, until the complaint has been served on defendants and they have appeared in this action, the court will not have jurisdiction over any of the defendants and may not issue any orders mandating that they take certain action. Id.

**II.    CONCLUSION**

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days**

2

after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 4, 2008**           /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

3